CULPEPPER, Judge.
This is a companion case to State of Louisiana, Through Department of Highways v. Wellan et al., La.App., 279 So.2d 782, in which a separate judgment is being rendered by us this date. In the present case, the State deposited $15,455, of which $13,817 represented the value of the land taken and $1,638 represented severance damages. The defendant answered, claiming compensation and damages totaling $39,215.34. The district judge awarded $32,881.56, less the deposit, of which $20,725.56 represents the value of the land taken, $5,373.70 represents severance damages to the north remainder, $5,874.96 represents severance damages to the south remainder, and $907.34 represents the cost of repairing the concrete slab and curbing. The plaintiff appealed, contending the award of $4 per square foot for the land taken is excessive, and that all awards for severance damages are excessive. The defendant answered the appeal, seeking in *786 creases in the awards for severance damages.
The facts are that before the taking the parent tract fronted approximately 54 feet on the south side of Third Street and ran back therefrom in a southerly direction between parallel lines a distance of 214 feet to Fourth Street. The property had an area of 11,611.05 square feet and was being used as a concrete parking lot. The new highway route, which is 50 feet in width, took $4,457.11 square feet diagonally across the central and southern portions of the parent tract. The north remainder on Third Street contains 4,632.50 square feet, and the south remainder on Fourth Street contains 2,521.44 square feet.
As in the companion case, the first issue is the value of the land taken. For the reasons stated in our decision in the other suit, we find the land taken had a value of $4 per square foot. At $4.65 per square foot for the land and concrete slab, the 4,457.11 square feet taken has a value of $20,725.56, as the trial judge held.
The next issue is severance damages to the north and south remainders. Mr. Gehr, one of the State’s appraisers, found no severance damages to the north remainder, but he estimated damages of sixty-five cents per square foot, or a total of $1,638, to the south remainder. Mr. Toups, the other State appraiser, found no severance damage to either remainder.
.Mr. Monsur, one of defendant’s experts, found 75% severance damages to the south remainder, because of its irregular shape, more limited access and smaller size. But Monsur found only 50% severance damage to the north remainder. Mr. Webb, defendant’s other expert, found 75% severance damages to both remainders.
The reasons given by defendant’s experts for severance damages in the present case are essentially the same as those given in the companion case, i. e., the irregular shape of the remainders, the reduced sizes of the remainders and the fact that Fourth Street was changed from a two-way to a one-way thoroughfare.
In the present case, the district judge allowed severance damages of 25% to the north remainder and 50% to the south remainder. All of the experts agree that the highest and best use of the property before and after the taking is for a parking lot. However, after the taking these remainders have diminished in value for this purpose because of their irregular shapes and smaller sizes. For the reasons stated in the companion case, any diminution in value attributable to diversion of traffic from Fourth Street, cannot be allowed. Under all of the circumstances, we find no manifest error in the trial court’s award of severance damages.
The State urges further that the district judge made certain mathematical errors in computing severance damages on both the north and south remainders. The north remainder of 4,632.50 square feet, at $4.65 per square foot, is $21,541.13. Of this amount severance damages of 25% is $5,385.28, rather than the $5,373.70 fixed by the trial court. The south remainder of 2,521.44 square feet at $4.65 per square foot is $11,724.70. Fifty per cent severance damages on the south remainder is $5,862.35, and not the sum of $5,874.96 computed by the district court. These are minor mathematical errors and will be corrected in our judgment.
Plaintiff also contends the percentage of severance damage should be computed only on the value of the land, i. e., $4 per square foot, and not on the value of the concrete parking area, i. e., sixty-five cents per square foot. We cannot agree. The concrete parking area is an improvement which has suffered the same severance damage as the land. See the recent case of State, Department of Highways v. Trippeer Realty Corporation, La., 276 So.2d 315 (1973) in which our Supreme Court allowed severance damage to improvements.
*787 The final issue is the award of $907.34 for the cost of repairing the concrete slab and curbing after the taking. For the reasons stated in the companion case, this award is affirmed.
For the reasons assigned, the judgment appealed is amended to correct certain minor mathematical errors, which changes the total award to the sum of $32,880.53, less the sum deposited. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the plaintiff, insofar as costs of court may be assessed against a state agency.
Affirmed, as amended.